**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan W. Hummel and Sandra M. Dahl Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>Rushmore Loan Management, LLC and DiTech Financial, LLC,<br><br>Defendants. | No. CV-17-08034-PCT-DGC<br><br>**ORDER** |

The Brian W. Hummel and Sandra M. Dahl Living Trust (the "Trust" or "Plaintiff") has filed a motion for temporary restraining order ("TRO") seeking to enjoin Defendant Rushmore Loan Management, LLC from conducting a trustee's sale of a home owned by the Trust scheduled for Monday, June 5, 2017. Doc. 18. For the following reasons, the Court will grant the TRO.

**I.     Background.**

Plaintiff is a living trust organized under the laws of Arizona. Doc. 1, ¶ 2. The Trust was created on September 19, 2007, and a certificate of trust was recorded with the Mohave County, Arizona Recorder's Office ("Mohave County") on October 22, 2007. *Id.* Plaintiff's counsel Peter Dahl serves as successor trustee to the Trust. *Id.*, ¶ 1. The Trust owns property located at 2692 Avenida Grande, Bullhead City, Arizona (the "Property"). *Id.* Defendants Ditech Financial, LLC and Rushmore are both foreign

LLCs registered in the state of Delaware with offices in Maricopa County, Arizona. *Id.*, ¶¶ 4-5.

On June 26, 2004, Bryan Hummel and Sandra Dahl (collectively "Borrowers") entered into a "mortgage/deed of trust/security deed/note" on the Property. *Id.*, ¶ 7. The deed of trust ("DOT-1") listed First National Bank of Arizona as the mortgage lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.* On August 17, 2005, Borrowers entered into a second deed of trust ("DOT-2") with Countrywide Bank. *Id.*, ¶ 9. On August 25, 2005, DOT-2 was recorded in Mohave County. *Id.* On September 8, 2005, Borrowers paid off all debts secured by DOT-1 and obtained a "deed of release and reconveyance" from MERS, which was recorded in Mohave County. *Id.*, ¶ 8.

On February 26, 2007, Borrowers entered into a third deed of trust ("DOT-3") with MERS as the beneficiary. *Id.*, ¶ 11. On March 14, 2007, Borrowers paid off all debts secured by DOT-2 and obtained a "deed of release and reconveyance" from Countrywide Bank, which was recorded in Mohave County. *Id.*, ¶ 10. On March 30, 2007, DOT-3 was recorded in Mohave County. *Id.*, ¶ 11.

On September 19, 2007, Borrowers executed a warranty deed conveying the Property to the Trust "for consideration." *Id.*, ¶ 13. On October 22, 2007, this conveyance was recorded in Mohave County. *Id.* On February 21, 2008, Borrowers, "in their individual capacity and as husband and wife," entered into another mortgage and deed of trust agreement ("DOT-4") with Countrywide. *Id.*, ¶ 15. On March 4, 2008, DOT-4 "was recorded with the *Maricopa County Recorder*." *Id.* (emphasis in original). On March 17, 2008, Borrowers paid off all debts secured by DOT-3, and secured a deed of release and reconveyance from MERS, which was recorded in Mohave County. *Id.*, ¶ 12.

In January 2009, Borrowers "in their individual capacity defaulted on their obligations under [DOT-4.]" *Id.*, ¶ 17. On February 17, 2009, Countrywide invoked the acceleration clause contained in the mortgage contract that accompanied DOT-4. *Id.* On

May 25, 2011 – three years after entering into DOT-4 with Borrowers, and nearly four years after the Property was conveyed to the Trust – Countrywide recorded DOT-4 in Mohave County. *Id.*, ¶ 16.

In 2012, "Countrywide and its successor Bank of America, then assigned [DOT-4] to Ocwen Loan Servicing, LLC" (*id.*, ¶ 18), which thereafter assigned DOT-4 to Residential Credit Solutions (*id.*, ¶ 19). In September 2016, Residential Credit Solutions assigned DOT-4 to Defendant Ditech. *Id.*, ¶ 20. In 2017, Ditech assigned DOT-4 to Defendant Rushmore. *Id.*, ¶ 21. Currently, Rushmore "hold[s] [DOT-4] on the subject property and claims that it is owed $404,918.11." *Id.*, ¶ 22. Soon thereafter, Rushmore noticed a trustee's sale for January 17, 2017, to be held at the Mohave County Courthouse in Kingman, Arizona. *Id.*, ¶ 24. The trustee's sale has been postponed on at least three occasions – once until February 27, 2017 (*id.*, ¶ 25), then until April 10, 2017 (Doc. 7), and subsequently until June 5, 2017 (Doc. 18).

On February 23, 2017, the Trust initiated this action seeking a declaration that the Trust is the Property's lawful owner and that Defendants are precluded from foreclosing on the Property because the statute of limitations for doing so has expired. *See* Doc. 1 at 4-6. On April 6, 2017, Rushmore filed a motion to dismiss the Trust's complaint. Doc. 13. That motion is fully briefed (Docs. 14, 15, 16, 17) and currently being considered by the Court. On June 1, 2017, the Trust filed this motion for a TRO. Doc. 18.

**II.  Legal Standard.**

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Phillips v. Fremont Inv. & Loan*, No. CV-09-2585-PHX-GMS, 2009 WL 4898259, at *1 (D. Ariz. Dec. 11, 2009) (citing *Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007)). A plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f

a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir.1988) (en banc) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952)).

**III.    Analysis.**

The Trust's complaint contains four counts: (1) Statute of Limitations, (2) Declaratory Relief, (3) Slander of Title and Trespass to Real Property, and (4) Common Law Fraud. Doc. 1 at 4-6, ¶¶ 1-26. The Trust asserts two reasons that that it is likely to succeed on the merits. First, DOT-4, which was effected by Borrowers in their individual capacity, "does not have any force and effect on the Trust which purchased the [P]roperty for consideration in 2007." Doc. 18 at 3. Second, the Trust "has a reasonable probability of proving that the defendants are prohibited from proceeding with the sale as they have delayed 8 years after accelerating the mortgage in seeking to foreclose on the property[.]" *Id.*

In the pending motion to dismiss, Rushmore argues that the Trust's claims fail as a matter of law. *See* Doc. 13. Specifically, Rushmore contends that: (1) the Trust lacks standing to assert a statute of limitations defense; (2) the Trust's slander of title and trespass claim fails as a matter of law because the Trust does not allege Defendant acted with malice, a required element of the claim; (3) the Trust has failed to allege sufficient facts to state a claim for fraud; and (4) a claim for declaratory relief cannot stand alone, and must be dismissed because all other claims also fail. *Id.*

The Court cannot find that the Trust is likely to succeed on the merits of its claims. In particular, the Court cannot decide without further research that the Trust's first

argument – based on the lender's failure to record DOT-4 and the Trust's subsequent recording of the warranty deed it obtained from the Borrowers – is completely meritless. It is also unclear without further research whether the Trust may assert the statute of limitations as a basis for preventing a non-judicial trustee's sale. The pending motion to dismiss may well resolve these issues, but, given the last-minute nature of the TRO request, the Court requires additional time to address substantial questions and engage in a more deliberative investigation. *Republic of the Philippines*, 862 F.2d at 1362.

The Trust owns the Property, and will be irreparably injured if the trustee's sale proceeds. In Arizona, if a homeowner fails to obtain a TRO enjoining a trustee's sale, the homeowner "waive[s] all defenses and objections to the sale." A.R.S. § 33-811(C).

The balance of hardships tips sharply in Plaintiff's favor. While Plaintiff will be irreparably harmed if it loses the Property, Rushmore will only be delayed if the trustee's sale is postponed while the Court considers the merits of the Trust's claim. What is more, the parties have previously agreed to postpone the sale without Court intervention several times. *See* Docs. 1, 7.

Public policy favors granting the TRO. If the Trust's claim is correct, a trustee's sale of its Property would be unwarranted and improper.

Because the Trust has raised a serious question, the balance of hardships tips sharply in its favor, and the other requirements for a TRO are satisfied, the Court will grant a TRO.

**IT IS ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. 18) is **granted**. Defendants are enjoined from proceeding with the trustee's sale of the real property located at 2692 Avenida Grande, Bullhead City, Arizona, 86442.

2. This TRO shall remain in effect until **12:00 p.m.** on **June 15, 2017**.

3. The Court will hold a preliminary injunction hearing on **June 14, 2017**, at **3:00 p.m**.

Dated this 2nd day of June, 2017.

_____
David G. Campbell
United States District Judge