**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan W. Hummel and Sandra M. Dahl Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>Rushmore Loan Management, LLC, et al.,<br><br>Defendants. | No. CV-17-08034-PCT-DGC<br><br>**ORDER** |

Plaintiff Brian W. Hummel and Sandra M. Dahl Living Trust (the "Trust" or "Plaintiff") filed a complaint against Defendants Rushmore Loan Management, LLC and Ditech Financial, LLC. Doc. 1. Defendant Rushmore has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 13. The Trust responded to the motion, and filed a motion to amend its complaint. Doc. 14. The motion is fully briefed (Docs. 13, 14, 15, 16), and no party requests oral argument. For the reasons that follow, the Court will grant Defendant's motion to dismiss in part, with leave to amend.

**I. Background.**

Plaintiff is a living trust organized under the laws of Arizona. Doc. 1, ¶ 2.[1] The Trust was created on September 19, 2007, and a certificate of trust was recorded with the

---
[1]The facts are taken from Plaintiff's complaint (Doc. 1), and are assumed true for the purposes of this motion. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

Mohave County, Arizona Recorder on October 22, 2007. *Id.* Plaintiff's counsel Peter Dahl serves as successor trustee of the Trust. *Id.*, ¶ 1. Mr. Dahl acts as trustee of a Trust-owned property located at 2692 Avenida Grande, Bullhead City, Arizona (the "Property"). *Id.* Defendants Ditech and Rushmore are both foreign LLCs registered in the state of Delaware with offices in Maricopa County, Arizona. *Id.*, ¶¶ 4-5.

On June 26, 2004, Bryan Hummel and Sandra Dahl (collectively "Borrowers") entered into a "mortgage/deed of trust/security deed/note" on the Property. *Id.*, ¶ 7. That deed of trust ("DOT-1") listed First National Bank of Arizona as the mortgage lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as DOT-1's beneficiary. *Id.* On August 17, 2005, Borrowers entered into a second deed of trust ("DOT-2") with Countrywide Bank. *Id.*, ¶ 9. On August 25, 2005, DOT-2 was recorded with the Mohave County, Arizona Recorder's Office ("Mohave County"). *Id.* On September 8, 2005, Borrowers paid off all debts secured by DOT-1 and obtained a "deed of release and reconveyance" from MERS, and it was recorded with Mohave County. *Id.*, ¶ 8.

On February 26, 2007, Borrowers entered into a third deed of trust ("DOT-3") with MERS as the beneficiary. *Id.*, ¶ 11. On March 30, 2007, DOT-3 was recorded with Mohave County. *Id.* On March 14, 2007, Borrowers paid off all debts secured by DOT-2 and obtained a "deed of release and reconveyance" from Countrywide Bank, which was recorded with Mohave County. *Id.*, ¶ 10.

On September 19, 2007, Borrowers executed a warranty deed conveying the Property to the Trust "for consideration." *Id.*, ¶ 13. On October 22, 2007, this conveyance was recorded with Mohave County. *Id.* On February 21, 2008, Borrowers, "in their individual capacity and as husband and wife" entered into another mortgage and deed of trust agreement ("DOT-4") with Countrywide. *Id.*, ¶ 15. On March 4, 2008, DOT-4 "was recorded with the *Maricopa County Recorder*." *Id.* (emphasis in original). On March 17, 2008, Borrowers paid off all debts secured by DOT-3, and secured a deed of release and reconveyance from MERS, which was recorded with Mohave County. *Id.*, ¶ 12.

In January 2009, Borrowers "in their individual capacity defaulted on their obligations under [DOT-4.]" *Id.*, ¶ 17. On February 17, 2009, Countrywide invoked the acceleration clause contained in the mortgage contract that accompanied DOT-4. *Id.* On May 25, 2011 – three years after entering into DOT-4 with Borrowers, and nearly four years after the Property was conveyed to the Trust – Countrywide recorded DOT-4 with Mohave County. *Id.*, ¶ 16.

In 2012, "Countrywide and its successor Bank of America, then assigned [DOT-4] to Ocwen Loan Servicing, LLC[,]" (*id.*, ¶ 18), who thereafter assigned DOT-4 to Residential Credit Solutions (*id.*, ¶ 19). In September 2016, Residential Credit Solutions assigned DOT-4 to Defendant Ditech. *Id.*, ¶ 20. In 2017, Ditech assigned DOT-4 to Defendant Rushmore. *Id.*, ¶ 21. Currently, Rushmore "hold[s] [DOT-4] on the subject property and claims that it is owed $404,918.11." *Id.*, ¶ 22. Soon thereafter, Rushmore noticed a trustee's sale scheduled for January 17, 2017, to be held at the Mohave County Courthouse in Kingman, Arizona. *Id.*, ¶ 24. The parties agreed among themselves to postpone the trustee's sale on at least three occasions – first until February 27, 2017 (*id.*, ¶ 25), then until April 10, 2017 (Doc. 7), and finally until June 5, 2017 (Doc. 18).

On February 23, 2017, the Trust initiated this action seeking declaratory relief that the Trust is the Property's lawful owner and that Defendants' are precluded from foreclosing on the Property because the statute of limitations for doing so has expired. *See* Doc. 1. at 4-6. Additionally, the Trust seeks monetary relief in the form of damages incurred from Defendants' slander of title and trespass to the Property. *See id.* On June 1, 2017, while the motion at bar was pending, the Trust filed a motion for temporary restraining order ("TRO") seeking to enjoin Rushmore from executing the trustee's sale on June 5, 2017. Doc. 18. The Court granted the request and issued a TRO. Doc. 19.

**II. Legal Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A

complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Motion to Dismiss.

The Trust's complaint contains four counts: (1) statute of limitations, (2) declaratory relief, (3) slander of title and trespass to real property, and (4) common law fraud. Doc. 1 at 4-6, ¶¶ 1-26. Rushmore argues that each of the Trust's claims fails as a matter of law. *See* Doc. 13. Specifically, Rushmore contends that: (1) the Trust lacks standing to assert a statute of limitations defense; (2) the Trust's slander of title and trespass claim fails as a matter of law because the Trust does not allege Defendant acted with malice, a required element of the claim; (3) the Trust has failed to allege sufficient facts to state a claim for fraud; and (4) a claim for declaratory relief cannot stand alone, and thus must be dismissed because all other claims also fail. *Id.*

### A. Standing to Assert Statute of Limitations.

Rushmore argues that the Trust lacks standing to assert its claim that the Arizona statutes of limitation on contract disputes (A.R.S. § 12-548(A)) and trustee's sales (A.R.S. § 33-816) preclude Rushmore from seeking non-judicial foreclosure of the Property. Doc. 13 at 4-7. Rushmore contends that because the Borrowers were parties to DOT-4, and not the Trust, only the Borrowers may assert the statute of limitations as a defense to Rushmore's attempted foreclosure. The Trust may not assert the Borrowers' right to that defense. *Id.*

Arizona courts have held that a statute of limitations defense is available only to the borrower or one in privity, not to a third party. *See Acad. Life. Ins. Co. v. Odiorne*, 797 P.2d 727, 729 (Ariz. Ct. App. 1990) ("The defense of the statute of limitations is a personal privilege that a debtor or one in privity may elect to urge or waive."). Under Arizona law, "[p]rivity is determined by the 'relationship of the parties to the action and the commonality of their interests.'" *Fox v. Goddard*, No. CV-11-00595-PHX-NVW, 2011 WL 2669298, at *3 (D. Ariz. July 7, 2011) (citing *Hall v. Lalli,* 977 P.2d 776, 779 (Ariz. 1999) (emphasis omitted)). "Finding privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Id.*

While the Borrowers are not parties to this action, they appear to be in privity with the Trust. It is uncontested that the Trust purchased the Property from Borrowers in 2007 "for consideration," the Borrowers still live on the Property, and the Borrowers will lose their residence if the trustee's sale occurs. The Borrowers and the Trust have a contractual relationship and a substantial identity of interest. Accordingly, the Court cannot conclude that this stage of the litigation that the Trust lacks standing to assert the statute of limitations as a defense against the attempted trustee's sale.

**B.     The Statute of Limitations on Rushmore's right to foreclose.**

Under Arizona Law, "[t]he trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed" (A.R.S. § 33-816), which is six years after the action accrues (A.R.S. § 12-548(A)).

The Trust alleges that the action accrued in February 2009, and that no action was taken to foreclose on the property until nearly eight years later. Doc. 1, ¶¶ 17-24. Taken as true, these facts would support the Trust's argument that the statute of limitations precludes Rushmore from foreclosing on the Property. Rushmore argues that the statute

of limitations on Rushmore's right to foreclose has never triggered, but this is an issue of fact, inappropriate for decision at this stage.

### C. Slander of Title and Trespass to Real Property.

In Count III of the complaint, the Trust alleges "Slander of Title/Trespass to Real Property." Doc. 1 at 5, ¶¶ 11-18. Rushmore argues that both claims of Count III fail as a matter of law. Doc. 13 at 7.

First, Rushmore argues that the slander of title claim fails because the Trust does not allege Defendant acted with malice, a required element of the claim. *Id.* The Court agrees. "Under Arizona law, the elements of a slander of title claim are: (1) the uttering and publication of the slanderous words by a defendant, (2) the falsity of the words, (3) malice, and (4) special damages." *Smith v. HSBC Bank*, No. CV-16-08278-PCT-JJT, 2017 WL 2082259, at *3 (D. Ariz. May 15, 2017). "Of these elements, malice has been said to be the gist of the action." *Id.* (quoting *City of Tempe v. Pilot Properties, Inc.*, 527 P.2d 515, 522 (Ariz. Ct. App. 1974)). Here, the Trust has failed to allege any facts supporting malice. The Trust concedes that the Borrowers entered into, and subsequently defaulted, on DOT-4 (Doc. 1, ¶¶ 15, 17), and provides no explanation how Defendant's attempts to assert their rights under DOT-4 constitute malice. The Trust asserts that "[a] simple title search would have revealed that Plaintiff was the true owner of the Property," and "defendants either failed to undertake this search or simply ignored the results of the same" (Doc. 14 at 15), but even an incorrectly asserted claim does not necessarily show malice. Because the Trust has failed to plead facts that would show malice on the part of Defendants, the Court will dismiss the slander of title claim.

Second, Rushmore argues that the Trust's trespass to real property claim fails because the claim is not ripe. Doc. 13 at 7. "A 'trespasser' is one who does an unlawful act or a lawful act in an unlawful manner to the injury of the person or property of another." *Yslava v. Hughes *771 Aircraft Co.*, 1998 WL 35298580, at *13 (D. Ariz. June 29, 1998) (citing *MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211, 216 (1958)). "With respect to trespass to real property, '[a] physical entry on the land is an essential element

- 6 -

of a trespass.'" *Id.* (quoting *Brenteson Wholesale, Inc. v. Arizona Pub. Serv. Co.*, 803 P.2d 930, 934 (Ariz. Ct. App. 1990) (citation omitted)).

Arizona law imposes liability for trespass if a defendant intentionally enters land in the possession of the other or causes a thing or third person to do so. *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770–71 (D. Ariz. 2012) (citing *Taft v. Ball, Ball & Brosamer, Inc.*, 818 P.2d 158, 161 (Ariz. Ct. App. 1991)); *see also* Restatement (Second) of Torts § 163 ("One who intentionally enters land in the possession of another is subject to liability to the possessor for a trespass, although his presence on the land causes no harm to the land, its possessor, or to any thing or person in whose security the possessor has a legally protected interest."). The Trust does not allege that Defendants intentionally and wrongfully entered onto Plaintiff's property, or caused a thing or third person to do so. *See id.* The Court will dismiss the claim for trespass to real property.

### D. Common Law Fraud.

Rushmore argues that the Trust's fraud claim is insufficiently pled. Doc. 13 at 7-8. Under Federal Rule of Civil Procedure 9(b), a party alleging a claim for fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This pleading standard also applies to claims for misrepresentation. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003)). To meet the Rule 9(b) particularity requirement, a plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities," and "'mere conclusory allegations of fraud are insufficient.'" *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*, Private Secs. Litig. Reform Act of 1995, Pub. Law 104-67 (codified at 15 U.S.C. § 78u-4 (1995)). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore,

> a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading

> about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*GlenFed*, 42 F.3d at 1548.

Count IV merely recites the elements of a fraud claim in a general, conclusory fashion. *See* Doc. 1 at 5-6, ¶¶ 19-26. Such bare factual assertions and legal conclusions are insufficient to state a claim for fraud. Accordingly, because the Trust fails to provide sufficient factual detail alleging the "who, what, when, where, and how" the fraud occurred, as is required by Rule 9(b), the Court will grant Defendants' motion to dismiss the Trust's claim for common law fraud.

### E. Declaratory Relief.

Because the Court declined to dismiss Plaintiff's claim under the statute of limitations, Plaintiff's claim for declaratory relief does not stand alone. Accordingly, the Court will deny Defendants' motion to dismiss Plaintiff's claim for declaratory relief.

### F. Leave to Amend.

In its response to Rushmore's motion to dismiss, the Trust seeks leave to amend its complaint to clarify its claim for fraud and to state a claim for adverse possession and quiet title. Doc. 14 at 17, 20; Doc. 17, Exhibit A. "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court will grant the Trust leave to amend.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 13) is **granted in part** and **denied in part**. The Court will dismiss Counts III (slander of title and trespass to real property) and IV (common law fraud), and deny the motion as to Counts I (statute of limitations) and II (declaratory relief).

2. The Trust's motion for leave to amend (Doc. 14) is **granted**. The Trust shall file an amended complaint on or before **June 23, 2017**.

Dated this 8th day of June, 2017.

David G. Campbell
United States District Judge