**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan W. Hummel and Sandra M. Dahl Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>Rushmore Loan Management, LLC and DiTech Financial, LLC,<br><br>Defendants. | No. CV-17-08034-PCT-DGC<br><br>**ORDER** |

The Court entered a temporary restraining order on June 2, 2017. Doc. 19. On June 14, 2017, the Court held a hearing on Plaintiff's request for a preliminary injunction. Defendant Rushmore Loan Management, LLC made clear in its response (Doc. 23) and at the hearing that it does not oppose entry of a preliminary injunction provided the Court requires Plaintiff to provide security under Rule 65(c) of the Federal Rules of Civil Procedure. Plaintiff argues (Doc. 24) that security should not be required.

The Court has discretion in setting the amount of security under Rule 65(c). Several considerations are relevant.

On one hand, the loan at issue in this case has been in default for approximately eight years, and Defendants have waited to initiate trustee sale procedures. This suggests that delay has not been viewed as a serious injury by Defendants. In addition, Plaintiff suggests, without providing any detail, that it would be unable to provide a substantial bond and would lose the property without an opportunity to litigate the claims in this case

if the bond amount is substantial.

On the other hand, Rushmore is losing monthly payment amounts for each month of delay even if it holds a security interest in the property. Rushmore asserted without contradiction that the loan amount exceeds the value of the property, meaning that Rushmore will not recover future lost loan payments even if it eventually is permitted to sell the property. In this respect, Rushmore is injured by delay. Although Plaintiff contends that it is not the borrower on the loan, Plaintiff is the living trust of the borrowers and the borrowers continue to reside in the property. The Court cannot accept Plaintiff's suggestion that it should be viewed as a legal entity entirely separate from the individuals who agreed to repay the loan.

The Court concludes that some security should be provided for the preliminary injunction. Because Defendants' years of delay suggests that the ongoing injury is not as significant as Rushmore now suggests, and in light of Plaintiff's uncontradicted assertion that it could not afford the amount of the bond requested by Rushmore (the equivalent of $3,000 per month for the duration of this case), the Court will set a bond amount lower than Rushmore requests. Plaintiff will be required to post a bond or provide other security in the amount of $5,000 under Rule 65(c).

**IT IS ORDERED:**

1. For reasons stated the Court's previous order (Doc. 19), a preliminary injunction is **granted**. Defendants are enjoined throughout the remainder of this case from proceeding with the trustee's sale of the real property located at 2692 Avenida Grande, Bullhead City, Arizona, 86442.

2. Plaintiff shall provide security in the amount of $5,000 on or before **July 12, 2017**.

Dated this 14th day of June, 2017.

_____
David G. Campbell
United States District Judge