WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bryan W. Hummel and Sandra M. Dahl Living Trust,

    Plaintiff,

v.

Rushmore Loan Management LLC, et al.,

    Defendants.

No. CV-17-08034-PCT-DGC

**ORDER**

    The "Brian W. Hummel and Sandra M. Dahl Living Trust" (the "Trust" or "Plaintiff") has sued Defendants Rushmore Loan Management, LLC and U.S. Bank National Association. Doc. 1. The Court previously granted a motion to dismiss some of Plaintiff's claims. Doc. 20. Plaintiff filed an amended complaint (Doc. 27), and U.S. Bank filed a third-party complaint against Bryan Hummel and Sandra Dahl as individuals (collectively, the "Hummels") (Doc. 37).

    Defendants now seek dismissal of Plaintiff's adverse possession and common law fraud claims under Rules 12(b)(6) and 9(b). Doc. 35. The Hummels seek dismissal of all claims against them under Rule 12(b)(6). Doc. 50. No party has requested oral argument. The Court will grant Defendants' motion and deny the Hummels' motion.

**I.    Background.**

    The factual basis of Plaintiff's claims remains substantially unchanged from the original complaint and is discussed at length in the Court's order of June 8, 2017. *See* Doc. 20 at 1-4. The Hummels purchased real property in Mohave County, Arizona in

2003. They transferred the property to the Trust in 2007, and the Trust properly recorded the transfer. In 2008, the Hummels entered into a loan agreement with Defendants' predecessor in interest, secured by a deed of trust on the property (the "DOT"). The DOT was recorded in Maricopa County. The Hummels defaulted in 2009, and Defendants' predecessor invoked the acceleration clause. In 2011, the DOT was re-recorded in Mohave County by Defendants' predecessor. In 2017, shortly after the DOT was assigned to Rushmore, Rushmore noticed a trustee's sale of the property. The parties postponed the trustee's sale multiple times, and, on June 14, 2017, the Court entered a preliminary injunction prohibiting the sale during the pendency of this case. Doc. 26. The Trust's amended complaint seeks to bar the trustee's sale on the basis of statute of limitations, adverse possession, declaratory relief, common law fraud, and quiet title. Doc. 27 at 5-9.

U.S. Bank has filed a third-party complaint ("TPC") against the Hummels. Doc. 37 at 10-15. The TPC alleges that when the Hummels entered into the loan and DOT they were the trustees of the Trust. *Id.* at 11 ¶ 7. It also alleges that the Hummels covenanted in the DOT that they were "lawfully seised of the estate hereby conveyed" and had "the right to grant and convey the Property." *Id.* at 11-12 ¶ 13. The TPC alleges that the Hummels and the Trust used the loan funds to pay off prior loans and taxes on the property, and that U.S. Bank has been damaged in the amount of $640,319.89. *Id.* at 11 ¶ 9, 15 ¶ 49. The TPC asserts claims for reformation of the DOT, unjust enrichment, equitable lien, and fraud. *Id.* at 10-15.

**II. Legal Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).[1]

**III. Defendants' Motion.**

Defendants move to dismiss Counts II (adverse possession) and IV (common law fraud) of Plaintiff's amended complaint. Doc. 35.

**A. Adverse Possession.**

The amended complaint asserts a claim for adverse possession "pursuant to A.R.S. 12-523; 12-524; 12-522 and 12-526." Doc. 27 at 6. Plaintiff alleges that it "acquired title to the property in 2007," has been "in peaceable adverse possession with color of title for the statutory period," has paid and continues to pay taxes on the property, and has made substantial improvements to the property. Doc. 27 at 6 ¶¶ 7-11.

Defendants argue that Plaintiff's claim fails because an action for adverse possession may be maintained only by a true owner who seeks to recover property from one who is in possession. Doc. 35 at 4-5; Doc. 48 at 2. Defendants are correct. The statue primarily cited by Plaintiff states that an "action *to recover* real property from a *person in peaceable and adverse possession* under title or color of title shall be commenced within three years after the cause of action accrues." A.R.S. § 12-523(A) (emphasis added). Sections 12-524, 12-522, and 12-526 all contain similar language. In this case, Plaintiff is not seeking to recover the property from a person in peaceable and adverse possession of it. The parties agree that Plaintiff is in possession of the property (Doc. 27 at 6 ¶ 8; Doc. 48 at 2) and is the true owner and titleholder (Doc. 37 at 2 ¶ 3; Doc. 35 at 5).

---

[1] The Court notes that the pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957) – cited by Plaintiff and Defendants – is no longer the law. *See Twombly*, 550 U.S. at 562-63 (abrogating *Conley*).

Moreover, Plaintiff cannot argue that it adversely possessed the property from Defendants because, under Arizona law, Defendants do not hold title to the property. "Arizona is a lien theory state. A mortgage creates lien rights in the mortgagee, but it passes neither legal nor equitable title to the mortgagee." *Berryhill v. Moore*, 881 P.2d 1182, 1193 (Ariz. Ct. App. 1994), *as corrected on reconsideration* (Oct. 3, 1994). The Court will dismiss Plaintiff's adverse possession claim (Count II).

To the extent Plaintiff argues that Defendants' alleged right to possess the property is barred by the statute of limitations, that issue will be resolved in Plaintiff's claims for quiet title (Count VI) and statute of limitations (Count I), which Defendants have not moved to dismiss.

**B.     Common Law Fraud.**

The Court previously dismissed Plaintiff's fraud claim because it merely recited the elements of fraud and failed to provide sufficient factual detail alleging the "who, what, when, where, and how" of the fraud as required by Rule 9(b). *See* Doc. 20 at 7-8; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiff's amended complaint adds some factual detail. *See* Doc. 27 at 7-8 ¶¶ 24-34. It alleges that "Defendant has fraudulently attempted to take the property from the Plaintiff by recording its Deed of Trust to the property despite knowing its claim to the property was groundless." *Id.* at 8 ¶ 25. And it alleges that "Defendant made a false, material representation to the Plaintiff when it sent numerous letters advising of its right to repossess the property and attempting to sell the subject property at auction." *Id.* at 8 ¶ 28. It further alleges that "Defendant knew that its representation was false or was ignorant as to its truth"; that Defendant intended for Plaintiff to act on the representation; and that Plaintiff was unaware that the representation was false and "rightfully relied" on it, causing "consequent and proximate damage." *Id.* at 8 ¶¶ 29-33.[2]

---

[2] Plaintiff's response to Defendants' motion asserts that "Arizona law specifically permits an action for fraud in this case," citing A.R.S. § 33-420(A). Doc. 44 at 7. But Plaintiff's amended complaint does not allege a claim under that statute.

- 4 -

To prevail on a common law fraud claim in Arizona, Plaintiff must allege:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

*Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982). Even assuming that the amended complaint pleads the first eight elements, there are simply no facts to support the last element. The amended complaint states in a conclusory fashion that "as a result of Plaintiff's reliance on the Defendant's false, material representation, Plaintiff sustained consequent and proximate damage." Doc. 27 at 8 ¶ 33. But nowhere does the complaint identify what those damages are, and the parties agree that Plaintiff has remained in possession of the property. Plaintiff's bare legal conclusion does not suffice.

Plaintiff argues that its claims are "identical" to those held sufficient in *In re Mortgage Electronic Registration Systems, Inc.*, 754 F.3d 772 (9th Cir. 2014). Doc. 44 at 7-8. But that case involved claims brought under A.R.S. § 33-420(A), not common law fraud claims. Under that statute, plaintiffs may demonstrate injury for standing purposes by the mere fact that allegedly forged documents were recorded, because those documents cloud title to the property. *Id.* at 782-83 (citing *Stauffer v. U.S. Bank Nat'l Ass'n*, 308 P.3d 1173 (Ariz. Ct. App. 2013)). But to plead a common law fraud claim, the plaintiff must allege injury that is proximately caused by plaintiff's reliance on defendant's false statement. *See Echols*, 647 P.2d at 631. Plaintiff has not identified any damages that resulted from its reliance on the allegedly falsely recorded deed of trust or the letters. Plaintiff's common law fraud claim will be dismissed.[3]

///

---

[3] Defendants argue that the amended complaint does not satisfy Rule 9(b) because it fails to identify which defendant made the allegedly false statements, and when. Doc. 35 at 6. The Court need not address this argument because the complaint fails to allege an essential element, damages.

- 5 -

**IV. The Hummels' Motion.**

The Hummels, appearing pro se, move to dismiss U.S. Bank's claims against them. Doc. 50. They argue that the fraud and unjust enrichment claims are time-barred, and that the reformation of deed of trust and equitable lien claims fail because the Hummels do not own the property. *Id.* at 4-6.

**A. Common Law Fraud.**

Arizona fraud claims are subject to a three-year limitation period, which begins to run when the aggrieved party discovers the facts constituting the fraud. *See* A.R.S. § 12-543. The Hummels argue that U.S. Bank had notice of the fact that the Trust, not the Hummels, owned the property in 2007 when the Hummels entered into the DOT. Doc. 50 at 5. U.S. Bank responds that it could not have discovered the fraud until at least May 4, 2017, when it acquired the loan. Doc. 53 at 5-6.

A motion to dismiss on statute of limitations grounds may be granted only when the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Hernandez v. City of El Mont*e, 138 F.3d 393, 402 (9th Cir. 1998) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.") (citations and quotation marks omitted). The TPC's allegations do not preclude U.S. Bank from proving that the statute of limitations should be tolled because it or its predecessor was unable to discover the alleged fraud until 2017. The Court therefore will not dismiss this claim.

**B. Unjust Enrichment.**

The Hummels' statute of limitations argument with respect to the unjust enrichment claim is substantially the same as their argument with respect to the fraud claim, and it fails for the same reasons. The Hummels also argue that the unjust enrichment is unavailable when "there is a specific contract which governs the

relationship of the parties." Doc. 50 at 5 (quoting *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976)). U.S. Bank responds that it is entitled to plead unjust enrichment as an alternative theory of relief pursuant to Rule 8(d)(2), and the "mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment alternative theory of recovery." Doc. 53 at 6 (quoting *Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000)).

The Court agrees with U.S. Bank. When a party does not receive the benefit of its bargain, it is "free to pursue a claim for unjust enrichment." *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986). U.S. Bank alleges that the Hummels have received the benefit of the loan money, but U.S. Bank has been deprived of the benefit it expected: a security interest with the right to foreclose. Doc. 37 at 13 ¶¶ 26-31. U.S. Bank has alleged that it did not receive the benefit of its bargain, and may maintain an alternative claim for unjust enrichment.

**C. Remaining Claims.**

With respect to the two remaining claims, the Hummels argue only that "[t]he final counts of the [TPC] do not apply to [the Hummels]. Specifically, as [the Hummels] do not own the subject property the claim for declaratory relief and equitable lien do not apply to [them] and should be dismissed." Doc. 50 at 6. The Hummels do not explain why it is legally significant that they do not own the property, and U.S. Bank's claims revolve around the loan and DOT entered into by the Hummels. The Court will not dismiss the claims on the basis of this unexplained argument.

**V. Attorneys' Fees.**

Citing A.R.S. § 12-349, Defendants ask the Court to award them the attorneys' fees incurred in bringing their motion to dismiss. Doc. 35 at 7. Fees under this statute are awarded when a party brings a claim without substantial justification or primarily for delay or harassment, or unreasonably expands or delays the proceeding, or abuses discovery. The burden is on Defendants to show that fees are warranted under the

statute. *Reynolds v. Reynolds*, 294 P.3d 151, 156 (Ariz. Ct. App. 2013). The Court will deny this request because Defendants have not met their burden.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 35) is **granted**.
2. Third-party defendants Bryan Hummel and Sandra Dahl's motion to dismiss (Doc. 50) is **denied**.
3. The deadlines set forth in the case management order (Doc. 34) remain in effect.

Dated this 22nd day of December, 2017.

_____
David G. Campbell
United States District Judge