**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan W. Hummel and Sandra M. Dahl Living Trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Rushmore Loan Management LLC, et al.,<br><br>　　　　Defendants. | No. CV-17-08034-PCT-DGC<br><br>**ORDER** |

On August 7, 2018, the Court issued an order granting partial summary judgment to Defendants Rushmore Loan Management, LLC and U.S. Bank National Association and denying Plaintiff's cross-motion for summary judgment. Doc. 87. Plaintiff has filed a motion for reconsideration, arguing that the Court erred by (1) mischaracterizing a fact and (2) not addressing certain arguments made in Plaintiff's motion. For the reasons explained below, the Court will deny the motion.

**I.　Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## II. Mischaracterized Fact.

In a footnote in the background section, the Court's order stated:

> Plaintiff denies that it executed the February 2008 warranty deed conveying the property to the Hummels and that the Hummels were trustees of the Trust in February 2008. *See* Doc. 79 at 3. These are not genuine disputes. Plaintiff provides no documentary evidence regarding who was trustee of the Trust at any time. Plaintiff simply submits affidavits from the Hummels stating that they were not trustees as of January 1, 2008. Doc. 80 at 3; Doc. 81 at 3. These self-serving affidavits do not create a genuine dispute where multiple documents clearly show that the Hummels held themselves out as trustees of the Trust in February 2008, and Plaintiff does not dispute the authenticity of these documents or the Hummels' signatures. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). In any event, this dispute is immaterial to the issue on which the Court grants summary judgment.

Doc. 87 at 3 n.2.

Plaintiff argues that it "clearly outlined who was trustee of [the trust] at various times, from its initial inception until the present day." Doc. 90 at 4 (citing Doc. 79-1 at 57-58). The cited document is Plaintiff's response to an interrogatory, but the text of the interrogatory is not included. Doc. 79-1 at 57-58. The response states:

> Peter Dahl
> 5306 Barclay Ct
> Randolph, NJ 07869
> June 2017 – Current
>
> Dana M. Dahl
> (Please contact the undersigned for contact information for this trustee)
> January 1, 2008 – Current
>
> Sandra M. Dahl and Bryan W. Hummel
> 2876 Country Club Dr.
> Bullhead City, AZ 86442
> Inception of trust until January 1, 2008

Doc. 79-1 at 57-58.

Without the benefit of the interrogatory's text, the Court could not rely on this evidence. Moreover, it does not change the Court's observation that "Plaintiff provides no documentary evidence regarding who was trustee of the Trust at any time." Doc. 87 at 3 n.2. In any event, the Court did not rely on this fact in ruling on the summary judgment motions. Plaintiff and Defendants will be able to present evidence on this fact at trial.

The Court will deny reconsideration of this footnote, which had no effect on its ultimate conclusions.

### III. Unaddressed Arguments.

Plaintiff argues that the Court's order failed to address Plaintiff's argument that Defendant U.S. Bank's claims for fraud, unjust enrichment, equitable lien, and declaratory relief are barred by the relevant statutes of limitations. The Court declined to resolve these arguments because these claims are primarily alternative theories of relief and the parties failed to establish who was entitled to judgment on the parties' main dispute: who holds title to the property and whether the deed of trust ("DOT") secures a valid lien on the property. On reflection, the Court acknowledges that addressing these arguments could narrow the issues for trial, but, having reviewed them again, the Court concludes that they cannot be resolved by summary judgement.

Defendant's fraud claim is subject to a three-year limitations period. A.R.S. § 12-543(3). Defendant's claim for reformation of the DOT predicated on mistake or fraud is subject to the same limitations period. *See Long v. City of Glendale*, 93 P.3d 519, 526 (Ariz. Ct. App. 2004) (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 969 (Ariz. 1995)). Defendant's claims for unjust enrichment and equitable lien are subject to either a three- or four-year limitations period. *See* A.R.S. § 12-550 ("Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward."); *San Manuel Copper Corp. v. Redmond*, 445 P.2d 162, 166 (Ariz. App. 1968) ("In the instant case where it is not clear which statute [applies], A.R.S. s

12-543, 3 years for oral debt and fraud and mistake, or A.R.S. s 12-550, 4-year general limitation, we would have no difficulty in finding that a suit for unjust enrichment . . . is controlled by A.R.S. s 12-550, the four-year statute[.]").

The discovery rule, under which "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause[,]" may apply to Defendant's unjust enrichment and equitable lien claims. *See Gust, Rosenfeld & Henderson*, 898 P.2d at 966-68 (declining to adopt a bright-line rule regarding when the discovery rule applies, and explaining that the important inquiry is "whether the plaintiff's injury or the conduct causing the injury is difficult for plaintiff to detect"). The discovery rule applies to Defendant's claims for fraud and reformation based on fraud or mistake. *See* A.R.S. § 12-543(3) (claim accrues upon "the discovery by the aggrieved party of the facts constituting the fraud or mistake.").[1]

There is a triable issue as to when Defendant discovered, or with reasonable diligence should have discovered, the facts underlying each claim. Plaintiff argues that Defendant was put on notice of the relevant facts in 2007 when the Hummels sold the property to the trust by properly recorded deed and informed Defendant's predecessor of the trust's interest in the property. Doc. 78 at 10. But even assuming Defendant had knowledge of the transfer, it is not clear that this knowledge was sufficient to put Defendant on notice that there was a mistake or fraud involved in the execution of the DOT or that the DOT might be invalid. The 2007 transfer was executed by the Hummels purporting to act as trustees of a family trust in their names. Defendant asserts, and Plaintiff does not dispute, that this is a common practice that would not alert a lender to wrongdoing or a potential flaw in its security interest. Doc. 82 at 10; *see* Doc. 83 at 7-11.

Moreover, after the 2007 transfer, the Hummels acted in a manner consistent with the validity of the loan and DOT by making payments under the loan and seeking

---

[1] Defendants brought the claims on August 18, 2017. Doc. 37. The claims are asserted against Plaintiff and the Hummels individually. *Id.* at 10-16.

- 4 -

modification when they could no longer make payments. At least one of the mistakes underlying Defendant's reformation claim did not occur until the deeds were rerecorded in Mohave County in January 2015, within the three-year limitations period. *See* Docs. 73 at 5; 82 at 6-7 (arguing that the two warranty deeds and DOT were mistakenly recorded in the wrong order in Mohave County on January 30, 2015). And Plaintiff points to no facts that would have put Defendant on notice that the Hummels were not trustees of the trust in 2008 when the DOT was executed, as Plaintiff asserts.

These disputed circumstances preclude summary judgment on the question of when Defendant discovered, or should have discovered, the facts underlying its counterclaims and third-party claims. *See Long v. City of Glendale*, 93 P.3d 519, 526 (Ariz. Ct. App. 2004) (When "discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury.") (quoting *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998)); *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) ("[W]hether a party knew or should have known of a particular condition, [is] generally [a] factual issue[] inappropriate for resolution by summary judgment."). The Court therefore will not reconsider its denial of summary judgment on these claims.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 90) is **denied**.

Dated this 28th day of August, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge