**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan W. Hummel and Sandra M. Dahl Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>Rushmore Loan Management LLC, et al.,<br><br>Defendants. | No. CV-17-08034-PCT-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to vacate the Court's order setting a bench trial. Doc. 95. The motion is fully briefed (Docs. 95, 97, 99), and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.     Plaintiff Waived a Jury Trial.**

Plaintiff demanded a jury trial in its amended complaint (Doc. 27 at 9), but specifically agreed to try the case without a jury during a conference with the Court regarding the scheduling of trial. The conference was held on August 14, 2018, after the Court had ruled on the parties' motions for summary judgment. Doc. 88. The Court began the conference by noting that most of the remaining claims in the case were equitable claims, with the exception of Defendants' counterclaim for fraud, and asked "whether or not this will be a jury trial[.]" Doc. 98 at 3. The parties and the Court then engaged in this exchange:

| | |
|---|---|
| 1 | MR. NEIL: Your Honor, Jamin Neil on behalf of Rushmore and |
| 2 | U.S. Bank. |
| 3 | If the only claim that may require a jury trial is fraud, we're willing |
| 4 | to dismiss that claim and proceed with a bench trial. |
| 5 | THE COURT: Mr. Dahl, do you have a fraud claim remaining? |
| 6 | MR. DAHL: We do not have a fraud claim remaining, Your Honor. |
| 7 | It was dismissed. |
| 8 | THE COURT: All right. So if – well, I first ought to hear from Mr. |
| 9 | Davis. |
| 10 | MR. DAVIS: Your Honor, this is Patrick Davis. |
| 11 | We agree with Mr. Neil's assessment. We would be willing to |
| 12 | waive any jury trial we might have if Plaintiff agrees as well. |
| 13 | THE COURT: So, Mr. Dahl, if the Defendants are willing to drop |
| 14 | the fraud claim so that this would be a bench trial, is that agreeable to you? |
| 15 | MR. DAHL: Yes, Your Honor, it would be. |

*Id*. at 4-5.

The Court and the parties then engaged in a discussion of whether dismissal of Defendants' fraud counterclaim would be with or without prejudice. The Court agreed that the parties should confer on this subject and, if necessary, file briefing on whether the dismissal was with prejudice. *Id.* at 6-7. Because the fraud claim was to be dismissed in either event, the conference proceeded with a discussion of the bench trial, including the length of the trial and the days it would be held. The Court scheduled a firm bench trial for December 18-19, 2018. *Id.* at 8 ("Let's then set the bench trial for Tuesday, December 18th and Wednesday, December 19th."); *see also* Doc. 88 at 2 ("Court will set a 2 day bench trial for December 18 and 19, 2018 at 9:00 a.m.").

After conferring, the parties agreed that the fraud counterclaim would be dismissed with prejudice, and filed a stipulation. Doc. 93. The Court granted the stipulation and dismissed the fraud counterclaim with prejudice. Doc. 94.

Plaintiff now argues that it is entitled to a jury trial because of a "clarification" in the Court's order on Plaintiff's motion for reconsideration of the summary judgment ruling. Doc. 95. Plaintiff points to an alleged clarification "that each party would be permitted to present evidence regarding whether the Hummels were trustees when they entered into the 2008 Deed of Trust and when the Defendants should have known about the Plaintiff's rights to the subject property." *Id*. at 2. But the Court provided no such "clarification." In ruling on the parties' motion for summary judgment, the Court made clear in a footnote that there was a dispute among the parties as to whether the Hummels were trustees of the trust in February 2008. Doc. 87 at 3 n.2. The Court concluded, however, that this was not a genuine dispute for purposes of its summary judgment ruling because Plaintiff had provided no documentary evidence regarding who was trustee at the time. *Id*. The footnote also stated that "this dispute is immaterial to the issue on which the Court grants summary judgment." *Id*. Thus, the Court's order on summary judgment recognized the existence of this dispute of fact, but concluded that it had no effect on the summary judgment decision.

The Court later denied Plaintiff's motion for reconsideration. After quoting the footnote from its summary judgment ruling that recognized a dispute of fact regarding who was trustee in February of 2008, the Court noted: "In any event, the Court did not rely on this fact in ruling on the summary judgment motions. Plaintiff and Defendants will be able to present evidence on this fact at trial." Doc. 92 at 3. The Court denied "reconsideration of this footnote, which had no effect on its ultimate conclusions." *Id*.

The Court's reconsideration ruling did nothing to alter its summary judgment ruling. Both rulings recognized that there is a factual dispute as to whether the Hummels were trustees in 2008, and neither ruling relied on that dispute for purposes of summary judgment. The Court provided no "clarification" that altered the issue of whether this should be a jury trial.

"Like other constitutional rights, the right to a jury trial in civil suits can be waived." *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009). "A valid waiver in a civil

trial must be made knowingly and voluntarily based on the facts of the case." *Id*. (internal quotation marks and citation omitted). Plaintiff clearly waived its right to a jury trial during the August 14 conference with the Court. At the time of the conference, the parties knew of the Court's ruling on summary judgment, knew which claims remained in the case, and knew that Defendants were willing to dismiss their fraud counterclaim if a bench trial could be held. Plaintiff's counsel knowingly and voluntarily agreed to a bench trial under these circumstances. The fraud counterclaim was dismissed, the Court's summary judgment ruling was not altered in response to the motion for reconsideration, and Plaintiffs waiver of its right to a jury trial stands.

**II.     This Case Includes Only Equitable Claims.**

Additionally, there is no right to a jury trial for equitable claims. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989). Because the Court dismissed the fraud counterclaim, the remaining claims in this case are all equitable.

Federal law governs whether there is a right to a jury trial on these claims. *See Granite State Ins. v. Smart Modular Tech., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996) ("In a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues."); *see also Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) ("In a diversity action, the parties' entitlement to a jury trial is determined by federal law.").

The following claims remain in this case: Plaintiff's claims for quiet title and declaratory relief, and Defendants' claims for reformation, unjust enrichment, and equitable lien. "[A] claim for quiet title/declaratory relief is equitable in nature and thus not entitled to a federal right to a jury trial." *Bank of Am. NA v. Ann Losee Homeowners' Ass'n*, No. 2:16-CV-407-JCM(CWH), 2018 WL 3429660, at \*2 (D. Nev. July 16, 2018); *see also GEICO Indem. Co. v. Goldstein*, No. 2:15-CV-00340-APG-PAL, 2015 WL 5009193, at \*1 (D. Nev. Aug. 19, 2015) ("GEICO seeks declaratory relief in the form of a judicial determination of its rights and obligations under an insurance contract. This is an 'intangible' remedy sounding in equity and is not triable before a jury."). A claim for

reformation is also equitable, and no right to a jury trial attaches. *Onions Etc., Inc. v. Z&S Fresh, Inc.*, No. 1:09-CV-00906-AWI-MJS, 2016 WL 304287, at *3 (E.D. Cal. Jan. 25, 2016). Similarly, "[u]njust enrichment is an equitable rather than a legal claim[.]" *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003). And, of course, a claim for an equitable lien is equitable in nature.

Because all of the remaining claims are equitable, the parties are not entitled to a jury trial. *Dollar Sys.*, 890 F.2d at 170. This reason for denying a jury trial is in addition to Plaintiff's waiver during the conference with the Court.

**III. The Court Will Not Use An Advisory Jury.**

Alternatively, Plaintiff asks the Court to empanel an advisory jury. In an action not triable of right to a jury, the Court "may try any issue with an advisory jury[.]" Fed. R. Civ. P. 39(c)(1). The decision to empanel an advisory jury is left to the trial court's discretion. *Kyei v. Oregon Dep't of Transp.*, 497 F. App'x 711, 713 (9th Cir. 2012).

The Court will not empanel an advisory jury. The issues are relatively straightforward, and the Court is capable of making any factual findings necessary to resolve this case.

**IT IS ORDERED** that Plaintiff's motion to vacate the bench trial (Doc. 95) is **denied.** The trial and pretrial proceedings will remain as scheduled.

Dated this 17th day of October, 2018.

David G. Campbell
Senior United States District Judge